STERN & CO. et als. v. LOUIS AUSTERN.

*Injunction and Receiver—Fraudulent Confession of Judgment—Execution Sale after Issuance, but before Service, of Restraining Order.*

1. A Receiver may be appointed under section 379 of *The Code*, in a suit against a debtor and others to restrain an execution sale, where the debtor has confessed judgment apparently with fraudulent intent, and executions have been levied on the only property of the debtor within the State in favor of non-resident creditors who seek to take the property out of the State.

2. Where, in an action to enjoin an execution sale on the ground of fraud in the confession of the judgment, the judgment debtor and creditor and the sheriff are parties, and the sheriff sells the property to the judgment creditor after a restraining order is issued, but before it is served, the purchaser acquires no title and may be ordered to deliver the goods to a receiver pending the action.

CIVIL ACTION, pending in VANCE Superior Court for an injunction to restrain a sale under execution and for a receiver, heard before *Timberlake, J.*, at Chambers in Louisburg, January 16, 1896. The defendant appealed from the order appointing a receiver and continuing the restraining order.

*Messrs. MacRae & Day* for defendant (appellant).

*Messrs. T. M. Pittman, J. W. Hinsdale* and *J. D. Ingle, Jr.*, for plaintiffs.

MONTGOMERY, J.: The plaintiffs allege that the defendant Austern, by various false and fraudulent contrivances and representations, induced the plaintiffs, who relied solely upon these fraudulent representations, to sell him large bills of merchandise; that after the goods were delivered the defendant Austern fraudulently secreted and disposed of the same, with the intent to defraud, hinder and delay the plaintiffs in the collection of their debts; and that the

other defendants, Price & Friedman, conspired and com-
bined with Austern to aid him in carrying out his fraudu-
lent and corrupt purpose to cheat and defraud his credi-
tors.   The complaint further alleges that, in order to con-
summate their plan to cheat and defraud the plaintiffs, the
defendant Austern pretended to confess judgment for large
amounts in the Superior Courts of Wake and Vance in fa-
vor of the other two defendants, with the purpose and in-
tent of giving to Price & Friedman an unlawful and fraud-
ulent perference over his true creditors, and to have all his
property, except his personal property exemption, and such
other of his property as he was unable to dispose of secret-
ly, by means of said judgments and executions fraudulently
appropriated to their joint use.   That immediately after
these pretended judgments were confessed, executions upon
them were issued, and the property of Austern seized by
the sheriffs of Wake and Vance Counties

Upon compaint and answer and affidavits, on a motion
for injunction to restrain the defendants, Price & Fried-
man, from selling under execution the goods of the other
defendant, Austern, and for the appointment of a receiver,
Judge Timberlake found the facts, granted the injunction
until the hearing of the case and appointed a receiver.

The following are the facts found by the Judge:

"The findings of facts dated January 16, 1896, hereto
attached, was signed on this day.   The court, after hav-
ing signed the same, and sent it to the clerk of court of
Vance County, on January 17th, as it was written, wrote
to the said clerk for the return of the said finding, for the
purpose of correcting the same, being of the opinion, upon
reflection, that said finding did injustice to the defendants,
and, after notice to both parties, makes the following find-
ings, as a substitute for the findings of January 16th:

1. That the defendant Austern is indebted to the plain-
tiffs.

2. That there is such evidence of fraud and the want of the verification of the statement authorizing the entry of judgment as presents a proper case for holding his property in the custody of the court until the final hearing.

3. That the defendant Austern has no property in this State subject to execution, except that described in the pleadings as in the hands of W. H. Smith, Sheriff of Vance county, under levy of execution in favor of M. Price and B. Friedman against L Austern.

4. That on December 17, 1895, the defendant Austern attempted to confess judgment in the Superior Court of Vance county in favor of M. Price and B. Friedman for amounts aggregating about $4,000, as per copies attached to the complaint, with the intent and purpose to give a preference over their other creditors.

5. That defendants Price & Friedman are non-residents of North Carolina, and are attempting to enforce the collection of said confessed judgments, undertaking to have the property of Austern sold, and to take the proceeds outside of the State.

6. That after issuing the restraining order herein, and before the service, the Sheriff of Wake county, under execution upon the confessed judgments, levied on the property of Austern in Wake county and sold the same to Price & Friedman, who still have the property or proceeds."

The exceptions to the findings of fact are made on the ground that they "are not sustained by the affidavits filed." Upon examination of the complaint, treated by the Judge as an affidavit, and the other affidavits filed in the cause, it appears that there was evidence before His Honor going to show the facts which he found. The complaint, the affidavit of T. M. Pittman, the answer of Austern, and the affidavit of Jordan Thompson, Pegram and

Williams, contain evidence of the matter embraced in His Honor's second finding of facts.   The complaint, the affidavit of Pittman, and the answers of each of the defendants furnish evidence of the matter embraced in the fourth finding of the facts.   The complaint and answers of the defendants furnish evidence upon which His Honor properly found his fifth finding of facts.   The affidavit of Pittman and the amended answer of Austern contain evidence upon which His Honor properly made his sixth finding of facts.   The affidavit of Pittman especially authorized this finding.   That affidavit contains the statement that at the execution sale of Austern's property by the sheriff of Wake county, the defendants Price & Friedman became the purchasers, that the Sheriff delivered to them the property, and they received it as so much cash on their judgments and executions, and that the goods or the proceeds were in their hands at the hearing of the injunction.

There was no attempt at denial of these statements made concerning the matters embraced in the 6th finding of facts in the answers, or in the affidavits of the defendants. A general exception was made to the order made by His Honor in the cause.   There can be no reasonable doubt but that upon the facts found in this case a receiver should have been appointed under sub-division 1, of section 379 of the Code.   The defendants, Price & Friedman, were ordered to turn over to the receiver the goods and the proceeds of any portion of the property that the defendants had disposed of.   This was clearly proper.   If the judgments and executions are fraudulent and feigned (and there was proof of it before His Honor), then the sale under the executions was void as to the defendants, who were purchasers and parties to the proceeding in which the judgments were confessed, and the property is still the prop· erty of the defendant Austern, and ought to be delivered to the receiver.                                      No error.